IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN COLEMAN,

                 Petitioner,              OPINION AND ORDER

   v.                                         09-cv-716-bbc

LARRY JENKINS, Warden,
Redgranite Correctional Institution,

                 Respondent.

---

      Marvin Coleman, an inmate at the Redgranite Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving an 80-year sentence on his convictions for a variety of crimes, including sexual assault, armed robbery, theft and battery. He contends that he is in custody in violation of the laws and Constitution of the United States because he was denied the right to the effective assistance of counsel on direct appeal. He has paid the five dollar filing fee.

      The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because the petition is untimely and it is plain that petitioner does not qualify for equitable tolling, the petition must be dismissed. Before dismissing the petition, however, I will give petitioner the opportunity to respond to this order, as described in more detail below.

The following facts are drawn from the petition, the Wisconsin Supreme Court's opinion in State ex rel. Coleman v. McCaughtry, 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900, and from other state court documents available electronically.

FACTS

In 1986, petitioner entered a guilty plea in the Circuit Court for Rock County to nine criminal counts, including sexual assault, armed robbery, theft and battery. On August 11, 1986, he was sentenced to 80 years' imprisonment. A lawyer was appointed to represent petitioner in post conviction proceedings, but petitioner did not file a post conviction motion or pursue a direct appeal.

On February 19, 2004, with the assistance of counsel, petitioner filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals under State v. Knight, 168 Wis. 2d 509, 484 N.W. 2d 540 (1992), asserting that the lawyer who had been appointed to represent him on direct appeal was constitutionally ineffective because he failed to pursue an appeal of petitioner's convictions. The court of appeals dismissed the petition on the ground of laches, finding that petitioner's delay in petitioning for habeas relief was unreasonable and that the state was prejudiced by the delay. The Wisconsin Supreme Court granted petitioner's petition for review.

In a decision issued May 18, 2006, the state supreme court agreed that petitioner's delay in bringing his petition was unreasonable. Explaining its conclusion, the court wrote:

The court of appeals concluded that Coleman unreasonably delayed in bringing his claim before the court because the alleged ineffective assistance of counsel occurred in 1987 and Coleman did not seek relief until 2004, 17 years later.  The court of appeals pointed out that:

> Correspondence between Coleman and postconviction counsel in May 1988 shows that Coleman was aware of a potential suppression issue, was dissatisfied with counsel's decision not to appeal, intended to do his own research into the matter, and possessed the necessary transcripts and records to conduct that research. After that exchange of letters, however, Coleman apparently did nothing. There is no record of any request for court-appointed counsel, nor allegation that Coleman sought pro bono counsel or free legal assistance elsewhere. Nor does Coleman explain why he made no attempt to pursue relief without counsel, although he is literate, [and] presumably had access to his prison's law library . . .

*State ex rel. Coleman v. McCaughtry*, No.2004AP548-W, unpublished order at 2 (Wis. Ct. App., Dec. 13, 2004).

Respondent asserts that the petition was filed more than 17 years after Coleman's conviction; the three letters between Coleman and appellate counsel suggest that appellate counsel assessed the merits of possible appellate issues, found them wanting and discussed his findings with Coleman.  The letters also show that appellate counsel advised Coleman not to appeal and that Coleman accepted this decision. Furthermore, Coleman does not assert that he asked counsel to appeal and that counsel ignored his request.

The State also asserts that the lack of any record that Coleman tried to do anything relative to an appeal from 1988, when he was given the transcripts, until 2004 when he filed his habeas petition supports the court of appeals' conclusion that the delay was unreasonable. We agree that Coleman has made no showing of why he failed to attempt to bring his concerns before a court on a pro se basis, as so many incarcerated persons have.

Coleman does not dispute any of the facts argued by the State.  Instead, he asserts he did not bring his claim before the court sooner because he was without legal knowledge or financial means to hire another attorney for a second opinion on the issue of an appeal until he married a woman with

3

>financial resources. We are unpersuaded. While his marriage may have provided the catalyst to bring a habeas petition, that fact does not explain away the uncontroverted fact that Coleman knew of his claim for more than 16 years but he did nothing, year after year. Accordingly, we agree with the court of appeals that the State has proved Coleman's delay was unreasonable as a matter of law.

Coleman, 2006 WI 49, ¶¶30-33, 290 Wis.2d at 369-371, 714 N.W.2d at 908-909.

The court found, however, that the court of appeals had erred in assuming that the state had been prejudiced by this delay without first developing the record on this aspect of the state's laches defense. Id. at ¶36, 290 Wis. 2d at 372, 714 N.W.2d at 910. Accordingly, the court remanded the case to the court of appeals for fact-finding to determine whether the state was prejudiced by petitioner's unreasonable delay. Id.

On November 28, 2006, the court of appeals issued an order remanding the case to the Circuit Court for Rock County for a fact-finding hearing. Case History, Appeal Number 04ap548, available at Wisconsin Supreme Court and Court of Appeals and Case Access, http://wscca.wicourts.gov (visited Dec. 3, 2009). The circuit court held a hearing on June 5, 2007, at which petitioner and his former appellate lawyer testified. Court Record Events, Rock County Case Number 85cf2722, dkt. #48, available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (visited Dec. 3, 2009). The court submitted the transcript from the hearing and findings of fact to the court of appeals on June 12, 2007. Id., dkt. #49-50. On October 30, 2008, after briefing by the parties, the court of appeals issued an order again denying petitioner's Knight petition. Case History, Appeal Number 04ap548.

On December 1, 2008, the Wisconsin Supreme Court denied petitioner's petition for review. Id.

OPINION

The rules governing the filing of federal habeas petitions are stricter than those that apply to habeas petitions filed in Wisconsin. The Antiterrorism and Effective Death Penalty Act of 1996 sets a one-year limitations period for all federal habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. One of the Act's purposes is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Carey v. Saffold, 536 U.S. 214, 226 (2002). The one-year period begins to run from the latest of: (A) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any state impediment to filing the petition was removed; (C) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). Under § 2244(d)(2), time during which state post conviction litigation is pending tolls the running of the statute. Prisoners whose convictions became final before the Act took effect were allowed a one-year grace period, until April 23, 1997, to file their habeas petitions. Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005).

Petitioner's conviction became final in 1986 or 1987, when he failed to file a post conviction motion or direct appeal from his conviction. Accordingly, he had until April 23, 1997 in which to file a federal habeas petition. He did not file his habeas petition until more than 12 years later, on November 27, 2009. His state court habeas petition did not toll the running of the statute under § 2244(d)(2) because the limitations had already expired by the time petitioner initiated the state habeas action in 2004. Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000) (to toll limitations period, petitioner must file state court motion before limitations period expires). From the facts found by the state supreme court, it is plain that petitioner has known since 1988 of the factual predicate of his claims. Nothing suggests that the state impeded him from filing his federal habeas petition. Finally, petitioner is not seeking relief on the basis of a newly recognized constitutional right that applies retroactively to cases on collateral review.

Accordingly, petitioner's challenge to his conviction is untimely unless he can establish circumstances showing that he can benefit from equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (describing doctrine of equitable tolling). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (equitable tolling granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing").

6

This doctrine differs from Wisconsin's defense of laches. Whereas the state bears the burden of proving the elements of the affirmative defense of laches, Coleman, 2006 WI 49, ¶38, 290 Wis. 2d at 372, 714 N.W.2d at 910, in federal litigation, it is the petitioner who must show the existence of circumstances warranting equitable tolling. Under federal law, the respondent is not required to show prejudice from the delay, as it is when the state raises the defense of laches in state court.

The Wisconsin Supreme Court found it "uncontroverted" that petitioner "knew of his claim for more than 16 years but he did nothing, year after year." This finding dooms petitioner's application for federal habeas relief. Under § 2254(e), a federal court reviewing a state prisoner's habeas application must presume that the state court's factual determinations are correct. The determination that petitioner knew of his claim yet did nothing to prosecute it for more than 16 years establishes conclusively that petitioner is not entitled to equitable tolling of his federal limitations period. To overcome this finding, petitioner must come forth with "clear and convincing evidence" to rebut it. § 2254(e)(1). In light of the fact that petitioner was unable to defeat the state's laches defense after an evidentiary hearing at which he was represented by counsel, it seems virtually impossible that petitioner has such evidence. Nonetheless, in Day v. McDonough, 547 U.S. 198, 209-10 (2006), the Supreme Court counseled district courts to allow a petitioner to present his position before dismissing the petition on its own initiative. Accordingly, before dismissing the petition, I will allow petitioner to the opportunity to present any facts and arguments

7

he can muster to show that the Wisconsin Supreme Court erred in its factual determinations regarding petitioner's delay in prosecuting his claims. If petitioner fails to adduce facts that show clearly and convincingly that the state supreme court erred when it found that petitioner had no valid excuse for his failure to prosecute his claims for more than 16 years, the petition will be dismissed.

ORDER

IT IS ORDERED that petitioner has until January 4, 2010 in which to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d). If he fails to respond to this order on or before January 4, 2010 or fails to adduce facts that show clearly and convincingly that the Wisconsin Supreme Court erred when it found that petitioner had no valid excuse for his failure to prosecute his claims for more than 16 years, the petition will be dismissed.

Entered this 3rd day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge