IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN COLEMAN,

                        Petitioner,                   OPINION AND ORDER

       v.                                      09-cv-716-bbc

LARRY JENKINS, Warden,
Redgranite Correctional Institution,

                        Respondent.

---

On December 3, 2009, I entered an order directing petitioner Marvin Coleman to show cause why his petition brought under 28 U.S.C. § 2254 should not be dismissed as untimely. I found that petitioner had missed his federal deadline by more than 12 years and that there appeared to be no circumstances warranting application of the doctrine of equitable tolling. Dec. 3, 2009 Order, dkt. #3. Petitioner has now responded to the order. Because he fails to show that he qualifies for equitable tolling, the petition must be dismissed.

OPINION

The facts are set out in greater detail in the December 3 order. To recap, petitioner was convicted in 1986. He argues that his appellate lawyer provided ineffective assistance

when he closed petitioner's file without filing an appeal or a no merit report pursuant to

Anders v. California, 386 U.S. 738 (1967).  Petitioner first raised this claim in 2004, when

he filed an application for a writ of habeas corpus in the Wisconsin Court of Appeals.  The

Wisconsin appellate courts, applying the doctrine of laches, refused to entertain this claim,

finding that petitioner's 16-year delay in bringing it was unreasonable and prejudicial to the

state.

In his response to this court's order, petitioner argues the merits of his ineffective

assistance of counsel claim but says little about why he did not bring his claim earlier.

Petitioner does assert that, contrary to the state appellate court's finding that he did

"nothing" to pursue his claim for more than 16 years, in 1997 he contacted the Legal

Assistance to Institutionalized Persons program at the University of Wisconsin Law School,

which told him he had no claim.  It was not until he got married that he had the financial

resources to hire his own lawyer, who filed the state habeas petition in 2004.

Petitioner's assertions fail to show that he qualifies for equitable tolling.  Neither his

lack of financial resources, legal knowledge or representation is a circumstance that would

allow this court to consider his untimely petition, Montenegro v. United States, 248 F.3d

585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney,

language barrier, lack of legal knowledge and transfer between prisons), overrruled on other

grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001); Turner v. Johnson, 177

F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor

his lack of representation during the applicable filing period merits equitable tolling"), nor is attorney negligence a ground for equitable tolling. <u>Modrowski v. Mote</u>, 322 F.3d 965, 967 (7th Cir. 2003). Equitable tolling is granted only in rare situations, and petitioner's is not one of them. In fact, the Court of Appeals for the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." <u>Modrowski</u>, 322 F.3d at 967. Like the state courts, I find that petitioner has no valid excuse for his delay in pursuing his claim. Accordingly, his petition is time-barred and must be dismissed. Petitioner is not entitled to a certificate of appealability because no reasonable jurist would disagree with this conclusion. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).


ORDER

IT IS ORDERED that the petition of Marvin Coleman for a writ of habeas corpus is DISMISSED WITH PREJUDICE for his failure to file it within the one year limitations period. Petitioner is not entitled to a certificate of appealability.

Entered this 30th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3